[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Panos Livadiotis and John C. Johnston from the assessment of damages in the amount of $925 deposited with the Clerk of the Court for the partial taking by eminent domain on December 6, 1991, of their property situated on the westerly side of and known as 1503 Sullivan Avenue (Route 194), in the Town of South Windsor, for the layout, alteration, extension, widening, change of grade and improvement of the highway commonly known as Route 194. CT Page 7011
The subject property is located near the so-called "Five Corners" multiple intersection of Sullivan Avenue, Ellington Road, Buckland Road, Oakland Road and Community Road. The development of the Pavilions at Buckland Hills Mall and other shopping areas in the immediate vicinity has increased the volume of traffic at this intersection, necessitating road improvements in these arterial highways for smoother and safer traffic movement. In particular, the improvement to Sullivan Avenue consists of the widening of the highway from two lanes to four, two in each direction.
The plaintiffs' property before the taking consisted of a one-story dwelling of 1200 square feet with an attached one-stall garage constructed in 1966 on a lot having a frontage of 100 feet and a depth of 203 feet. The dwelling and garage were of excellent appearance and well-maintained. A matching covered and boxed well was located about 10 feet from the highway line. The front yard was basically at street level. Along the sides and to the rear the land sloped gently below street grade.
The improvements were nonconforming to the present zoning regulations. The property is zoned Rural Residential. The minimum requirements of 40,000 square feet for lot area, 175 feet for lot width, and 50 feet for front yard were not met. Pursuant to his statutory obligation under General Statutes Section 48-24, however, the defendant obtained a variance from the zoning board of appeals for the area requirement. The nonconformity of the 100 feet lot width and of the 40 feet front yard remain. The general residential character of the neighborhood is being impinged upon by commercial development. The local branch of the U.S. Post Office is located almost across the street from the subject property, and a number of nearby properties have been converted to office uses.
Before the taking about 20 feet of the former highway easement on the west side of Sullivan Avenue was not paved or utilized for traffic movement. Instead, grass was cultivated on this strip. The front yard thereby appeared to be 60 feet in length, and the plaintiffs' appraiser erroneously assumed that to be the fact.
The portion of the plaintiffs' property taken consisted of a 3 foot strip along the entire street front for its full length of 100 feet. Said parcel contains 0.007 of an acre, more or less, together with all appurtenances, all of which more particularly appears on a map entitled: "Town of South Windsor, Map Showing Land Acquired From Panos Livadiotis et al. by The State of Connecticut, Conn. Rte. 194, Scale 1" = 40', August 1990, Robert W. Gubala, Transportation Chief Engineer — Bureau of Highways."
Said premises were taken together with a right to grade and construct driveway within an area of 0.016 of an acre, more or less, CT Page 7012 and located between and opposite Stations 134+85 and 135+85 left Base Line Present Sullivan Avenue, Route 194, as more particularly shown on said map. Said right shall terminate automatically upon completion of the work by the State.
Both parties are in agreement, and the court so finds, that the highest and best use of the subject property is for the continuation of its present residential use.
The appraisers for the plaintiffs and the defendant utilized the sales comparison approach in their estimates of damage caused by the taking. Each appraiser, however, sought his comparable sales from a different perspective. Based upon his comparable residential properties, the plaintiffs' appraiser valued the subject property before the taking at $142,000. In his after taking valuation he placed great emphasis upon the effect of the take upon the marketability of the remaining property. In his opinion, the high traffic volume in close proximity, 37 feet, to the dwelling, the resulting noise pollution and house vibrations, and the potential contamination of the potable water supply affected the market value of the property above the proportionate value of the front land taken. The court finds a reasonable basis for this conclusion. His estimate of a 17% loss of value, or $24,000 damage, resulting in an after taking valuation of $118,000, however, is excessive and unwarranted.
The defendant's appraiser's comparable sales were limited to unimproved residential land sales, since he concluded that the plaintiffs' improvements were not affected by the taking. In this manner he found the before taking value of the land to be $60,000, and its after taking value to be $59,075, resulting in damages of $925. The court accepts neither his premise nor his conclusion.
It is the charge of this court to make an independent determination of value and fair compensation for the property taken in the light of all circumstances, the evidence, the opinions of the expert witnesses, his knowledge of the elements that establish value and a viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 383,388 (1989). In the performance of this duty, I find that the before taking value of the subject property was $142,000, and that the after taking value is $138,000. Damages, therefore, are assessed at $4000.
Judgment may enter for the plaintiff, in the amount of $4000, less $925 previously deposited with the Clerk of the Court, or an excess of $3075, with interest on such excess from the date of taking to the date of payment, together with costs, and a reasonable appraisal fee of $800.
WM. C. BIELUCH STATE TRIAL REFEREE CT Page 7013